NO. 07-11-0014-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 MARCH 8, 2011

 In re KOBELT MANUFACTURING, LTD.

 Memorandum Opinion on Original Proceeding for Writ of Mandamus

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Pending before this court is the Petition for Writ of Mandamus filed by Kobelt Manufacturing,
Ltd. (Kobelt), asking that we order the Hon. Kelly G. Moore, District Judge, 121st Judicial
District, to “vacate its order denying Kobelt’s motion for leave to designate Basic Energy as a
responsible third party.” We deny the petition for the reason stated below.
 It is beyond doubt that one seeking extraordinary relief like that sought here must prove his
entitlement thereto. This truism imposed upon Kobelt the obligation of proving that the trial court
clearly abused its discretion when it denied the request to designate a responsible third party. In
re Ford Motor Co., 165 S.W.3d 315, 317 (Tex. 2005) (stating that one seeking a writ of mandamus has
the burden of establishing that the trial court clearly abused its discretion). Leave was sought by
Kobelt to so designate a third party on September 27, 2010. However, Kobelt, via its attorney,
signed a “Second Amended Agreed Scheduling Order” wherein it expressly “agreed” to setting June 11,
2010, as the applicable deadline by which to make such designations. And, while statute says that a
motion seeking leave to designate responsible third parties “must be filed on or before the 60th day
before the trial date,” Tex. Civ. Prac. & Rem. Code Ann. §33.004(a) (Vernon 2008), nothing in the
proviso expressly prohibits the litigants from agreeing to a different timeline, so long as the
trial court also agrees. Nor does Kobelt attempt to explain, in its petition for relief here, why
such deadlines cannot be the stuff of Rule 11 agreements. See Tex. R. Civ. P. 11 (authorizing
litigants to execute agreements touching upon pending suits). So, Kobelt failed to establish that
the trial court abused its discretion by refusing to deviate from deadlines to which it and all
other litigants expressly agreed in writing.
 The petition is denied.

 Brian Quinn
 Chief Justice